## Harry v. Commonwealth.

(Decided January 30, 1925.)

### Appeal from Letcher Circuit Court.

1. Arrest—Arrest of Defendant Without Warrant for Offense Committed in Officer's Presence Held Warranted.—Officer, who saw defendant take pistol from inside coat pocket and then replace it, held authorized in making arrest without warrant for offense of carrying concealed deadly weapon committed in officer's presence.

2. Criminal Law—Whiskey Obtained by Search while Defendant Arrested on Another Charge, Not Inadmissible as Obtained by Illegal Search.—In a prosecution for unlawfully possessing whiskey, whiskey found on defendant's person while under lawful arrest for carrying concealed deadly weapon was not inadmissible as having been obtained by a search illegally made.

3. Criminal Law—Exclusion of Proof as to Reputation of Officer Arresting Defendant Held, if Error, Not Prejudicial.—Refusal to permit defendant, on cross-examination of witness who had testified as to good reputation of arresting officer, to prove that he had heard officer was in habit of getting drunk, held, if error, not prejudicial, in view of evidence that officer's reputation was not good and that he was drinking at time of arrest.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of unlawfully possessing whiskey, and his punishment fixed at a fine of $100.00 and confinement in jail for 30 days.

The first insistence for a reversal is that the court erred in the admission of evidence obtained by a search of appellant's person, claimed to have been made illegally.

The officer who made the search testified that the defendant, in his presence, took a pistol out of his inside coat pocket and then put it back in the pocket, and that he arrested him for carrying a concealed deadly weapon, and after having so arrested him, searched his person and found a pint of moonshine whiskey in his left hip-pocket. Another witness testified that just before the arrest he saw the defendant take a pistol out of his inside coat pocket and replace it. This being true, the arrest and search of defendant upon the charge of carrying a concealed deadly weapon was authorized without a warrant of arrest or a search warrant, since the offense, a misdemeanor, was committde in the presence of the officer.

This testimony was denied by the defendant, and the question of fact thus presented was submitted to the jury by an instruction that is not criticised, hence there is no merit in this contention.

The next insistence is that the court erred in refusing to permit the defendant, upon cross-examination of a witness who testified that the reputation of the arresting officer for morality was good, to prove that he had heard that the arresting officer was in the habit of getting drunk. We need not decide whether this was error or not, since we are clearly of the opinion that if error it was not prejudicial, as there was evidence not only that the officer's reputation was not good but also that he was drinking at the time of the arrest.

The final contention is that the verdict is flagrantly against the evidence, but there is no merit in this contention, since, while the evidence is conflicting as to whether or not the defendant had the liquor in his possession, its preponderance supports the verdict.

Judgment affirmed.